IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ON COMMAND VIDEO CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | No. 09 C 3130 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| SAM ROTI, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff/Counter-Defendant, On Command Video Corporation ("OCV"), has filed a two-count complaint against Defendant/Counter-Plaintiff, Sam Roti ("Roti"), alleging fraud and, under a theory of piercing the corporate veil, seeking enforcement of a default judgment entered against Markwell Properties, LLC ("MP")—of which Roti is allegedly the alter ego—in Colorado state court and registered in the Circuit Court of Cook County, Illinois. In its April 30, 2010, opinion (the "Opinion"), the court granted OCV's motion to dismiss Roti's counterclaims for fraudulent inducement and breach of contract, and struck Roti's first, second, third, fifth, and sixth affirmative defenses. Roti has filed a motion to reconsider the dismissal of his fraudulent inducement counterclaim and his unclean hands, fraud, estoppel, and waiver affirmative defenses. For the reasons discussed below, Roti's motion is denied.

### DISCUSSION

Motions for reconsideration are appropriate only to correct manifest errors of law or fact. Oto v. Metropolitan Life Insurance Co., 224 F.3d 601, 606 (7th Cir. 2002). "This Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a

litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1998).[1]

**Counterclaim**

As a preliminary matter, the court recognizes that Roti was not a party to the VSA. The Opinion was not issued under a contrary assumption. Further, the court did not find Roti personally liable for the VSA, which he signed in a representative capacity, or for the Colorado judgment. Rather, the Opinion concludes in relevant part that "[t]he only issue before this court remains whether Roti is the alter ego of MP." To be clear, because Roti belabors this point in his briefs, the court has not ruled on the alter ego claim, and thus the court has not ruled on OCV's rights as to Roti personally.

A narrowly defined class of "common-law compulsory counterclaims" has been recognized in the revised Restatement and case law. Restatement (Second) of Judgments § 22(2)(b) (1982); Lee v. City of Peoria, 685 F.2d 196, 201 (7th Cir. 1983); Martino v. McDonalds System, Inc., 598 F.2d 1079, 1083-85 (7th Cir. 1979). Failure to raise such counterclaims in a prior action bars related claims from being raised in a subsequent action. Section 22(2)(b) preserves the integrity and finality of judgments by precluding a subsequent collateral attack that would undermine rights established in the initial judgment. The Restatement states, in part:

> (2) A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if:
> (a) The counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court, or
> (b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.

---

[1] See also Robert W. Gettleman, How To Tell a Judge He Screwed Up, American Bar Association Litigation Magazine, Vol. 32, No. 4 (Summer 2006).

Contracts induced by fraud are voidable at the election of the defrauded party. A claim of fraudulent inducement has one of two remedies: rescission of the contract, or performance and a lawsuit for damages. Wilbur v. Potpora, 123 Ill. App. 3d 166, 171-72 (1 Dist. 1984); Tower Investors, LLC v. 111 East Chestnut Consultants, Inc., 371 Ill. App. 3d 1019, 1030 (1 Dist. 2007). In the instant case, Roti argues that he was personally defrauded by OCV. If successful in this argument, Roti would have the option to void the VSA—a contract to which Roti is not a party. To void the VSA would certainly "nullify the initial judgment or [] impair rights established in the initial action." OCV's rights as to MP are based on the VSA's provisions.

The validity of the VSA and its breach were properly within the scope of the Colorado proceeding. The court was not stating in its Opinion, as Roti suggests, that Roti "could and should" have raised the issue of personal liability in the Colorado proceeding or the Illinois court. Rather, the issue of the VSA's validity—raising claims such as fraudulent inducement—could and should have been resolved in litigation between the two signatories, OCV and MP, because Roti's claim is that he was fraudulently induced to enter into the VSA *on behalf of MP*.[2] Although OCV dealt with Roti, it dealt with Roti as a representative of MP. MP was (allegedly) fraudulently induced to enter into the VSA, and accordingly MP signed the VSA. Regardless of whether MP had chosen to challenge the VSA's validity, a third party may not void a contract that is the basis of a breach of contract judgment.

Arguing that the VSA's modification and integration provisions do not limit his personal claims, Roti attempts to distinguish GreatAmerica Leasing Corp. v. Cozzi Iron & Metal, Inc., 76 F. Supp. 2d 875 (N.D. Ill. 1999), cited by the court in its Opinion, from the instant case. The

---

[2]Roti states that he "enter[ed] into the VSA on behalf of Markwell Properties," and that "[OCV's] representations designed to induce Mr. Roti to agree for Markwell Properties to sign the VSA were false, fraudulent and not made in good faith."

court discussed GreatAmerica in connection with the breach of contract counterclaim, not in connection with the fraudulent inducement counterclaim. The Opinion in relevant part discussed whether the VSA should be interpreted as including the promise not to sue, an inclusion essential to Roti's counterclaim for breach of contract.

As stated above, the court has never assumed that Roti is a party to the VSA and thus is bound by its terms. However, Roti's counterclaim for breach of contract concerned an indemnification provision in the VSA, and the court naturally discussed the VSA in connection with Roti's personal claims. This did not controvert Roti's arguments that "these clauses in no way limit Mr. Roti's personal claims," and "[s]uch clauses do not bind non-parties." The VSA's provisions do not directly limit Roti's claims per se. The provisions obviously do affect any claim by any party that necessarily implicates them–such as breach of contract.

**Affirmative Defenses**

In his brief, Roti concomitantly notes the court's ruling that the oral promise is not part of the VSA and argues that the representation (i.e., the oral promise) by OCV to Roti remains fully binding on OCV, and thus his "affirmative defenses were fully proper and should be restored." As stated in the Opinion, Roti's affirmative defenses are premised on OCV's alleged oral promise not to sue Roti under the VSA. If the oral promise is not recognized with respect to the VSA, Roti's affirmative defenses must fail.

Roti further argues that the court overlooked facts in the pleadings and lists facts that were previously considered by the court. Thus, the court declines to restore the affirmative defenses on this ground.

## CONCLUSION

For the reasons Roti's motion to reconsider the dismissal of his fraudulent inducement counterclaim and his unclean hands, fraud, estoppel, and waiver affirmative defenses is denied.


**ENTER:** **July 12, 2010**

_____
**Robert W. Gettleman**
**United States District Judge**